UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHAY WATKINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:25-cv-274-GMB |
| COLOPLAST CORP., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Coloplast Corporation's Motion to Dismiss Count Three of Plaintiff's Amended Complaint. Doc. 9. Coloplast moves to dismiss Plaintiff Chay Watkins' claim for negligent training and supervision under Alabama law. Doc. 9. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. 17. The motion is fully briefed (Docs. 9, 14 & 15) and ripe for decision. For the following reasons, the motion is due to be granted.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## II. THE AMENDED COMPLAINT

Watkins' First Amended Complaint asserts three claims against Coloplast. The first two are violations of the Family and Medical Leave Act ("FMLA"), while the third is a claim for negligent training and supervision under Alabama law. Doc. 3 at 4–10. Coloplast moves to dismiss this third claim. The First Amended Complaint includes the following allegations:

2

- "This is a claim to redress Coloplast's negligent training and/or supervision of the employees, supervisors, and management who were involved in the adverse employment actions taken against Ms. Watkins for taking FMLA leave." Doc. 3 at 8.

- "Coloplast negligently trained and/or supervised the employees, supervisors and management who were involved in the adverse employment actions taken against the Plaintiff for taking FMLA, due to her mom's serious health condition." Doc. 3 at 8.

- "As a consequence of Coloplast's negligent and/or wanton training, Coloplast employees, supervisors, and management failed to timely inform Ms. Watkins of her FMLA leave and took adverse employment actions against Ms. Watkins for taking FMLA leave, without regard to whether she was using the time off for the reason Coloplast approved her FMLA benefit." Doc. 3 at 8.

- "Coloplast's negligent and/or wanton training caused the employees, supervisors, and management to apply a Coloplast policy that conflicts and infringes upon Plaintiff's right under FMLA." Doc. 3 at 8.

- "Coloplast acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent." Doc. 3 at 9.

### III. DISCUSSION

Coloplast argues that the claim for negligent training and supervision is due to be dismissed because it is not based on an independently actionable Alabama tort. The court agrees.

Under Alabama law, an employer cannot be independently liable for negligent training or supervision "in the absence of some [Alabama common-law] tort committed by [an employee] against [the plaintiff]." *Taylor v. Stevenson*, 820 So. 2d

810, 812 (Ala. 2001) (citing *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 824 (Ala. 1999)).  For this reason, "to establish a claim against an employer for negligent supervision, training, and/or retention, the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort." *Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp. 2d 1314, 1320 (N.D. Ala. 2002) (citing *Stevenson*, 762 So. 2d at 824); *see also Thornton v. Flavor House Prod., Inc.*, 2008 WL 5328492, at *19 (M.D. Ala. Dec. 19, 2008) (citing *Voyager Ins. Cos. v. Whitson,* 867 So.2d 1065, 1073 (Ala. 2003) ("A party alleging negligent or wanton hiring, supervision, training, and retention must prove the underlying wrongful conduct of employees.").

Watkins bases her claim for negligent training and supervision on the same alleged conduct that supports her claims for violations of the FMLA. Doc. 3 at 8–9; *see also* Doc. 14 at 2 ("Plaintiff asserts that Defendant negligently trained and supervised its managers by not adequately informing them as to the requirements of the FMLA and ensuring compliance with those requirements.").  Specifically, she contends that her supervisors were negligent when they did not inform her about her right to FMLA leave, took adverse employment actions against her for taking FMLA leave, and applied Coloplast's policy in a way that violated the FMLA. Doc. 3 at 8–9.  In other words, Watkins contends that Coloplast's negligent training and supervision resulted in violations of the FMLA.  Because this alleged underlying

conduct is not based on a violation of a common-law Alabama tort, but instead based on a federal employment statute, Watkins does not state a claim for negligent hiring and training under Alabama law. *See Thrasher*, 195 F. Supp. 2d at 1320 (concluding that the plaintiff could not "maintain an action for negligent supervision, training, and/or retention based upon conduct that is employment discrimination, but does not support a common-law tort" under Alabama law); *Burnett v. Harvard Drug Grp., LLC*, 2014 WL 223081, at *5–6 (N.D. Ala. Jan. 21, 2014) (dismissing claim for negligent hiring, training, supervision and retention where the claim was "based entirely on the same alleged conduct that supports his claims for race discrimination, hostile work environment, and retaliation under Title VII and 42 U.S.C. § 1981"); *Guy v. Ala. Power Co.*, 2013 WL 3929858, at *2 (M.D. Ala. July 29, 2013) ("[I]t is clear that the employee's wrongdoing must be based on state, and not federal, law."); *Rabb v. Ga. Pac., LLC*, 2010 WL 2985575, at *16 (S.D. Ala. July 26, 2010) ("Because Alabama does not recognize a common-law tort for race discrimination in employment, this Court finds that [the plaintiff] cannot maintain an action for negligent supervision based on conduct that is employment discrimination, but does not support a common law tort.").

Watkins argues that the underlying tort supporting her claim is the common law tort of negligence. Doc. 14 at 3–5. Watkins does not provide any caselaw in support and the court can find none. But there is ample authority for the proposition

that Alabama courts require independent wrongful conduct on the part of the supervisor employee. *See Flying J Fish Farm v. Peoples Bank of Greensboro,* 12 So. 3d 1185, 1196 (Ala. 2008) (dismissing negligent/wanton supervision claim against employer on holding that plaintiffs' claims of wrongful conduct by employees had been properly dismissed); *Ogletree v. Bank of Am., N.A.*, 2012 WL 4340024, *9 (N.D. Ala. Sept. 17, 2012) (finding that "when a court concludes that the underlying purportedly wrongful conduct committed by the agent does not survive summary judgment, then the related negligent training and supervision claim is also subject to dismissal"). Negligence alone does not suffice. "Otherwise, the tort of negligent or wanton hiring, training, and supervision could be a corridor through which federal laws prohibiting various types of conduct by employees could be incorporated into state law as a privately redressable requirement on employers to stop their employees from engaging in such conduct." *Guy*, 2013 WL 3929858, at *2; *see also Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 3153755, at * 4 (S.D. Ala. June 19, 2013) (dismissing a claim for negligent hiring, training and supervision after dismissal of outrage claim because "there is no underlying Alabama tort claim against [the supervisor] on which plaintiff may bootstrap" her claim); *Short v. Mando Am. Corp.,* 805 F. Supp. 2d 1246, 1277–78 (M.D. Ala. 2011) ("Because [defendant] is entitled to judgment as a matter of law on [plaintiff's] state-law claims for intentional infliction of emotional distress and because [plaintiff] has alleged no

6

other state-law torts, the motion for summary judgment, . . . is due to be granted as to [the] claims for negligent and wanton supervision, hiring, and retention.").

For these reasons, Watkins' claim for negligent training and supervision is due to be dismissed.

## IV.  LEAVE TO AMEND

Watkins did not request leave to amend her complaint. *See* Doc. 14.  However, a district court's discretion to dismiss a complaint without granting leave to amend "is severely restrict[ed]" by Federal Rule of Civil Procedure 15(a), "which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks and citation omitted).  Where a more carefully drafted pleading might state a viable claim, a district court should allow the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

But a district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Id.*; *see Johnson v. Broussard*, 2017 WL 2687464, at *6–7 (N.D. Ala. June 22, 2027) ("There is no reason to require defendants to expend additional time and money defending claims that cannot

possibly succeed."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The court finds that it would be futile to allow Watkins to amend her complaint when the amended complaint and brief in opposition to the partial motion to dismiss make clear that Watkins predicates her claim on the alleged FMLA violations. Doc. 3 at 8–9; Doc. 14 at 2 ("Plaintiff asserts that Defendant negligently trained and supervised its managers by not adequately informing them as to the requirements of the FMLA and ensuring compliance with those requirements."). Because the facts and circumstances of Watkins' claim for negligent training and supervision arise solely from these alleged violations, the court dismisses this claim with prejudice. *See Foman*, 371 U.S. at 182.

## V. CONCLUSION

It is ORDERED that the Motion to Dismiss Count Three of Plaintiff's Amended Complaint (Doc. 9) is GRANTED and the claim is DISMISSED with prejudice.

DONE and ORDERED on June 3, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE